IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NASHON YOUNG,
    Plaintiff,

v.

RIVIAN AUTOMOTIVE,
    Defendant.

Case No. 1:25-cv-01231-JEH

**Order**

Now before the Court is the Defendant Rivian Automotive, LLC's Motion to Dismiss (D. 5).[1] For the reasons set forth, *infra*, the Defendant's Motion is GRANTED.

**I**

Plaintiff, Nashon Young ("Young"), originally commenced this action in the Circuit Court of McLean County, Illinois, on June 15, 2024. (D. 1-1 at ECF p. 2). On June 6, 2025, the Defendant filed its Notice of Removal. (D. 1). On July 14, 2025, the Defendant filed a Motion to Dismiss. (D. 5). On July 28, 2025, the Plaintiff filed his Response. (D. 9). The matter is now fully briefed.

**II**

According to the Complaint, the Plaintiff—a *pro se* prisoner—alleges that he was wrongfully terminated and defamed by the Defendant in May of 2023 after he was "accused of making a drug deal on their property" without evidence, and that he was "terminated through [a] text message" that said he was "escorted [out] by security after [he] made the drug deal." (D. 1-1 at ECF p. 2). He further states

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

that he was told by a supervisor that he was "a 'gang banging drug dealer who doesn't deserve anything'". *Id.* Plaintiff further alleges that the preceding allegations destroyed his character, permanently labeled him as a someone that sells drugs in the workplace, and that future employers may review his work record and discover this information about him. *Id.* The Plaintiff alleges that the situation has caused him homelessness, stress, divorce, and an ongoing financial burden. *Id.* The Plaintiff seeks $250,000 in compensation, along with lost wages, and seeks other forms of relief. *Id.* at ECF p. 3.

To remedy these alleged harms, the Plaintiff filed the instant action alleging defamation and wrongful termination, respectively. (D. 1-1 at ECF p. 2). The Defendant has moved to dismiss all the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D. 5 at ECF p. 2).

### III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Similarly, a complaint that "tenders

2

'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

### A

In Count One, the Plaintiff alleges that he was defamed. (D. 1-1 at ECF p. 2). In response, the Defendant asserts that the Plaintiff's defamation claim is time barred by the statute of limitations. (D. 5 at ECF p. 3). For the reasons that follow, the Court agrees with the Defendant that the Plaintiff's claim of defamation is time barred.

The Plaintiff alleges that, in May of 2023, he was "labeled [by a supervisor as] a 'gang banging drug dealer who doesn't deserve anything'" and that it may result in him being known as someone who sells drugs at the workplace by potential future employers. (D. 1-1 at ECF p. 2). The Plaintiff does not allege any other defamatory statements. *Id.* Given that the Complaint sets forth the relevant dates unambiguously, it is appropriate to consider the statute of limitations under the instant circumstances. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Pursuant to Illinois law, a defamation claim must be brought within one year after the cause of action occurred. 735 ILL. COMP. STAT. § 5/13-201. In this case, the Plaintiff did not file suit until July 15, 2024, (D. 1-1 at ECF p. 2) which is more than one year after the alleged defamatory statement occurred in May of 2023. *Id.* Therefore, Plaintiff's claim is time barred by the statute of limitations. 735 ILL. COMP. STAT. § 5/13-201. Furthermore, the Plaintiff's Response does not address the issue of timeliness as raised by the Defendant, *see* (D. 9) and his failure to respond results in waiver. *LeSEA Inc. v. LeSEA Broad. Corp.*, 379 F. Supp. 3d 732, 739 (N.D.

Ind. 2019) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)). Therefore, the Plaintiff's defamation claim is dismissed with prejudice. *See Wallace v. City of Washington*, 2015 WL 5138374, at *5 (C.D. Ill. 2015) (dismissing with prejudice a defamation claim because it was barred by the statute of limitations).

**B**

In Count Two, the Plaintiff alleges wrongful termination. (D. 1-1 at ECF p. 2).[2] In response, the Defendant argues that the Plaintiff has failed to state a viable claim for wrongful termination. (D. 5 at ECF p. 5). For the reasons that follow, the Court agrees with the Defendant that the Plaintiff has failed to state a claim for wrongful discharge.

In Illinois, "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 376 (Ill. 2009). A narrow "exception to th[e] general rule of at-will employment arises where there has been a retaliatory discharge of the employee." *Id.* at 374. "To state a valid retaliatory discharge cause of action, an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Id.* Thus, unless a termination violates a clearly mandated public policy, an employee may be discharged with or without cause. *Id.*

In this case, the Plaintiff fails to allege that he engaged in any protected activity, nor does he identify a clear mandate of public policy that he believes his termination would implicate. (D. 1-1 at ECF p. 2). To the contrary, Plaintiff alleges that he was wrongfully terminated because the Defendant mistakenly believed that he was engaging in illegal drug dealing on their property. *Id.* That does not

---

[2] The Complaint alleges "wrongful termination"; however, because the Plaintiff is proceeding *pro se*, the Court construes it as an action alleging wrongful discharge. (D. 1-1 at ECF p. 2).

constitute a violation of public policy. Thus, without more, the Plaintiff has failed to state a claim for wrongful discharge and Count Two is accordingly dismissed without prejudice.

## IV

For the reasons stated, *supra*, the Defendant's Motion to Dismiss (D. 5) is GRANTED. The Plaintiff shall have leave to amend the Complaint in accordance with this Order within twenty-one days if he believes he can state a claim.

*It is so ordered.*

Entered on July 30, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE